# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DARRYL SANDERS,

    Plaintiff,

vs.

STATE OF NEVADA, et al.,

    Defendants.

Case No. 2:13-cv-00375-APG-VCF

**ORDER**

Defendants have removed the action to this court. The court has reviewed the complaint, and the court will dismiss this action.

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per curiam).

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citations omitted).

Plaintiff is a prisoner at the High Desert State Prison. He was charged with a disciplinary violation of sexual harassment of a prison staff member, defendant Kim, by exposing himself to her. He was found guilty and sanctioned with 102 days in disciplinary segregation plus restitution. Plaintiff appealed the decision. The warden, defendant Neven, upheld the decision.

In count 1, plaintiff alleges that defendant Day violated the Fourteenth Amendment's guarantees of due process. Day, not the staff member involved, wrote the notice of charges, and plaintiff was not given the notice of charges until the day after the incident. Plaintiff claims that both of these actions violated Administrative Regulation 707 of the Nevada Department of Prisons. Violation of a prison regulation is not a violation of the due process clause unless that violation "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). The incorrect person filing a notice of charges on an incorrect date is not an atypical and significant hardship. Among the minimal protections of the due process clause that apply to prison disciplinary proceedings, a prisoner must receive written notice of charges at least 24 hours before the disciplinary hearing. Wolff v. McDonnell, 418 U.S. 539, 563-64 (1974). Plaintiff's allegations do not show that prison officials failed to follow any that procedure. For the purposes of the due process clause, it does not matter who wrote a notice of charges or how much time passed between the incident and plaintiff's receipt of the notice. The exhibits attached to the petition show that plaintiff received the notice of charges more than a month before the hearing, and that time satisfies the notice requirement outlined in Wolff. The main part of count 1 fails to state a claim upon which relief can be granted.

Plaintiff also alleges in count 1 that defendant Day wrote out the notice of charges in retaliation for plaintiff filing a grievance against defendant Day. The First Amendment, not the

Fourteenth Amendment, guarantees plaintiff the right to submit grievances, and it protects plaintiff against retaliation for filing grievances. <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1269 (9th Cir. 2009). However, defendant Day is not forever prohibited from filing a valid notice of charges against plaintiff simply because plaintiff had filed an earlier grievance against him. It is possible that defendant Day observed the videotape of the incident and determined that plaintiff needed to be charged, regardless of any grievance that plaintiff had filed. Exhibit A to the complaint, the notice of charges, indicates that this is what defendant Day did. Furthermore, the exhibits to the complaint show that Day's filing of a notice of charges was not the end of the matter. A different officer, defendant Bean, presided over the disciplinary hearing. He found plaintiff guilty of the disciplinary charge based upon his review of the videotape of the incident. Plaintiff appealed the decision of the hearing to the warden, defendant Neven. Ex. D. Defendant Neven found that some evidence of the violation existed. He also found that plaintiff's arguments about what defendant Bean said were not supported by the recording and written summary of the hearing. In other words, at least two people, who were independent of defendant Day and whom plaintiff has not alleged any retaliatory motive, reviewed the matter and found that the charges were warranted. The court finds that plaintiff has not stated a claim of retaliation that is plausible on its face. <u>See</u> <u>Iqbal</u>, 556 U.S. at 678. Based upon the facts that plaintiff has alleged, amendment of the complaint would not cure this defect.

Finally, in count 1 plaintiff alleges that defendant Kim, the staff member to whom plaintiff was found to be exposing himself, had a duty pursuant to Nev. Rev. Stat. § 41.0322 to intervene in the prison disciplinary proceedings. That statute establishes a requirement that a prisoner must exhaust his administrative remedies before filing a tort action against the Nevada Department of Corrections or its employees. The statute says nothing about staff members intervening in prison disciplinary proceedings. This part of count 1 fails to state a claim upon which relief can be granted, and amendment of the complaint could not cure this defect.

In count 2, plaintiff alleges that the hearing officer, defendant Bean, violated the due process clause when Bean did not allow plaintiff to call as a witness his supervisor, correctional officer Joshua Winchester. Plaintiff's theory of defense was that the zipper in his pants did not work correctly and that what the staff member considered exposure was actually plaintiff's attempt to fix

the problem.  Plaintiff alleges that Winchester knew about the problem with plaintiff's pants and could have testified to the same.  The due process clause does guarantee the prisoner the ability to call witnesses unless the calling of witnesses interferes with institutional security.  Wolff, 418 U.S. at 566.  However, the exhibits to the complaint show that plaintiff and a fellow inmate both testified that the zipper was not working correctly.  Winchester's testimony would have been cumulative.  Furthermore, plaintiff's proposed testimony by Winchester was not relevant.  Plaintiff is not immune from a charge of exposing himself simply because his zipper was malfunctioning.  His behavior at the time of the incident, witnessed by people and captured on videotape, would determine whether he was guilty of the disciplinary charge, regardless of whether his zipper was malfunctioning and regardless of whether Winchester knew before the incident that the zipper was malfunctioning.  The issue was not what Winchester knew before the incident.  The issue was what plaintiff did during the incident.  Winchester could not have provided any knowledge about that issue, because Winchester did not witness the incident.  Count 2 fails to state a claim upon which relief can be granted.  Amendment would not cure this defect, and the court dismisses count 2 without leave to amend.

      Count 3 concerns plaintiff's appeal of decision of the disciplinary hearing to the warden, defendant Neven.  This count fails to state a claim for two reasons.  First, plaintiff claims that defendant Neven violated the due process clause by upholding the decision of the hearing officer and rejecting plaintiff's argument that the hearing officer should have allowed officer Winchester to be a witness.  However, the court has already determined in count 2 that the decision not to call Winchester as a witness failed to state a claim.  Consequently, the upholding of that decision also fails to state a claim.  Second, plaintiff also complains that defendant Neven did not mention the videotape of the incident, only noting that some evidence supported the decision of the hearing officer.  However, defendant Neven stated the correct standard of review of prison disciplinary hearings.  Superintendent, Mass. Corr. Inst. at Walpole v. Hill, 472 U.S. 445, 455 (1985).  Amendment of the complaint would not cure these defects, and the court dismisses count 3 without leave to amend.

Even if this action were to proceed, the court would have needed to dismiss some of plaintiff's legal theories. First, in all three counts, plaintiff alleges that the defendants violated the equal protection clause of the Fourteenth Amendment. To establish a violation of the equal protection clause, plaintiff must demonstrate that the defendants acted out of discriminatory intent, based upon, for example, plaintiff's race or religion. Washington v. Davis, 426 U.S. 229, 239-40 (1976). Nowhere in any of the counts does plaintiff allege facts that could indicate that the defendants had any discriminatory intent. Second, plaintiff invokes the jurisdiction of 18 U.S.C. § 242.[1] That is a provision of criminal law that does not create a private right of action. Third, plaintiff used a complaint form indicating that he was pursuing a tort claim under state law, but nowhere in the body of the complaint did plaintiff allege any violations of state law, other than the already-dismissed claim that defendant Kim should have intervened.

The court also would have needed to dismiss some of the defendants. With no valid claim of a violation of state law, the only cause of action that plaintiff has is through 42 U.S.C. § 1983. Plaintiff has named several defendants who cannot be sued in a § 1983 action. Plaintiff has sued the State of Nevada and the Nevada Department of Corrections. Plaintiff also has sued defendants Cox, Neven, Kim, Bean, and Day in both their official capacities and their individual capacities. While individual-capacity claims seek to impose personal liability upon a government official for actions performed under color of state law, official-capacity claims generally represent another way of suing "an entity of which an officer is an agent," Kentucky v. Graham, 473 U.S. 159, 165 (1984) (quoting Monell v. Department of Social Services of City of New York, 436 U.S. 658, 690 n.55 (1978)), namely, the Nevada Department of Corrections. Section 1983 states, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . . (emphasis added)

---

[1] Plaintiff cites erroneously to a non-existent 28 U.S.C. § 242. The court assumes that plaintiff intended to cite to 18 U.S.C. § 242, which is a provision of criminal law for civil-rights violations.

1  The State of Nevada is not a person for the purposes of § 1983, and thus cannot be a defendant.
2  Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).  The Nevada Department of
3  Corrections is an arm of the state.  It is not a person for the purposes of § 1983, and thus cannot be a
4  defendant.  Id. at 70.  Official-capacity claims against defendants Cox, Neven, Kim, Bean, and Day
5  are effectively claims against the Nevada Department of Corrections.  Consequently, defendant
6  Cox, Neven, Kim, Bean, and Day, in their official capacities, are not persons for the purposes of
7  § 1983, and plaintiff cannot pursue claims against them in their official capacities.  Id. at 71.
8       Some of the defendants in their individual capacities also would need to be dismissed.
9  Plaintiff has not alleged any claim against defendant Kim other than the non-existent state-law
10 claim that she had a duty to intervene in the disciplinary proceedings.  Defendant Cox is the director
11 of the Nevada Department of Corrections.  A supervisor cannot be held liable in his individual
12 capacity merely because he is a supervisor.  Monell v. Department of Social Services of City of
13 New York, 436 U.S. 658, 694 & n.58 (1978).  "A supervisor may be liable if there exists either (1)
14 his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal
15 connection between the supervisor's wrongful conduct and the constitutional violation."  Hansen v.
16 Black, 885 F.2d 642, 646 (9th Cir. 1989).  In count 3, plaintiff refers to defendant Cox along with
17 defendant Neven regarding the appeal from the disciplinary hearing, but plaintiff does not allege
18 that defendant Cox actually had any personal involvement or knowledge of plaintiff's disciplinary
19 hearing.  Furthermore, exhibit D, defendant Neven's decision on appeal, does not show any
20 involvement by defendant Cox.
21      Plaintiff's motion for appointment of counsel (#7) and motion for an alternative manner for
22 the issuance and transmission of summons (#9) are moot because the court is dismissing this action.
23      IT IS THEREFORE ORDERED that plaintiff's motion for appointment of counsel (#7) and
24 motion for an alternative manner for the issuance and transmission of summons (#9) are **DENIED**
25 as moot.
26      IT IS FURTHER ORDERED that this action is **DISMISSED** with prejudice for failure to
27 state a claim upon which relief can be granted.  The clerk of the court shall enter judgment
28 accordingly.

IT IS FURTHER ORDERED that an appeal from this court's judgment would be taken in good faith.

DATED: July 22, 2013.

ANDREW P. GORDON
United States District Judge